The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| NICHOLAS COOK, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ATOSSA GENETICS, INC., STEVEN C. QUAY, CHRISTOPHER BENJAMIN, KYLE GUSE, SHU-CHIH CHEN, JOHN BARNHART, STEPHEN J. GALLI, ALEXANDER CROSS, H. LAWRENCE REMMEL, DAWSON JAMES SECURITIES, INC., VIEWTRADE SECURITIES, INC. and PAULSON INVESTMENT COMPANY, INC.,<br><br>Defendants | Case No. 2:13-CV-01836<br><br>THE LEVI GROUP'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF CO-LEAD COUNSEL<br><br>NOTE ON MOTION CALENDAR: DECEMBER 27, 2013 |

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Miko Levi, Bandar Almosa and Gregory Harrison (the "Levi Group" or "Movants"), through their undersigned counsel, respectfully submit this Memorandum of Law in Further Support of Their Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Co-Lead Counsel and in opposition to the competing motions, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## PRELIMINARY STATEMENT

Currently pending before the Court are three competing motions seeking appointment as Lead Plaintiff (Docket Nos. 3,7,9).  With losses of over $179,724.00, the Levi Group clearly has the largest financial interest in this action and is presumptively the "most adequate plaintiff."  Because the Levi Group also satisfies the typicality and adequacy prongs of Rule 23, they should be appointed as Co-Lead Plaintiffs.

The Court's most critical determination in appointing a lead plaintiff is evaluating which movants have "the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status."); *Reinschmidt v. Zillow, Inc.*, No. C12-2084-RSM, 2013 U.S. Dist. LEXIS 36793 (W.D. Wash. Mar. 14, 2013) (Martinez, J.) ("District courts must first identify the financial interests of the movants seeking to serve as lead plaintiffs to determine which has the greatest financial stake in the controversy.")

Here, the Levi Group has the largest financial interest in these actions.  As the below table illustrates, ***the Levi Group's purported losses are greater than any of the purported***

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

*losses of any other movants (and all other movants combined), and importantly they have retained more shares at the end of the Class Period than all other movants combined.*

| Movant | Shares Purchased | Amount Expended | Retained Shares | Estimated Loss |
|---|---|---|---|---|
| Harrison (individually) | 30,000 | ($153,898) | 30,000 | ($89,512) |
| Almosa (individually) | 10,000 | ($73,000) | 10,000 | ($51,538) |
| Levi (individually) | 10,000 | ($60,018) | 10,000 | ($38,674) |
| **Levi Group** | **50,000** | **($286,916)** | **50,000** | **($179,724)** |
| **Dam** | **31,200** | **($219,202)** | **28,000** | **($107,240)** |
| **Chobanian** | **2,700** | **($16,599)** | **2,700** | **($11,899)** |

Accordingly, because they have the largest financial interest and otherwise meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Levi Group should be appointed as Lead Plaintiff.

This Court's previous rulings, and the plain language of the PSLRA, clearly support the principle that groups of investors can serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (referring to the presumptive lead plaintiff as "the person or *group of persons*"). Because the Levi Group comprises an appropriate lead plaintiff group who have committed to prosecute these actions together – *i.e.,* the group is small, cohesive, and includes three sophisticated investors who have decades of experience investing in public and private markets, and are familiar with SEC and SOX disclosure requirements – this Court should not hesitate in appointing them as Co-Lead Plaintiffs.

Furthermore, all members of the group have signed certifications setting forth their respective transactions in Atossa Genetics, Inc. ("Atossa" or the "Company") securities and have also submitted declarations (the "Declarations") indicating their willingness to cooperate

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

2

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

and jointly act as lead plaintiffs in these matters.  *See* Declaration of Jason Leviton In Further Support of the Levi Group's Motion for Appointment as Co-Lead Plaintiffs and Approval of Their Selection of Co-Lead Counsel, filed herewith, Exs. A-C ("Leviton Decl.").  In addition, the Levi Group has identified a process by which the Group will communicate internally (both with and without counsel present) and with the Court, and have memorialized their agreement in their respective Declarations.  *Id.*  In addition, the members of the Levi Group have held discussions amongst themselves and counsel regarding the prosecution of this action, and their responsibilities therein.  The Declarations executed by the Levi Group are nearly identical to similar declarations approved by The Honorable Chief Judge Marsha J. Pechman in *Sabbagh v. Cell Therapeutics, Inc.*, *et al.*, No. C10-414MJP, *et al.*, 2010 WL 3064427, at *6-7 (W.D. Wash. Aug. 2, 2010).  Thus, as a threshold matter, the Levi Group has demonstrated its adequacy and typicality and that it will vigorously prosecute these actions on behalf of the proposed class.

Further, the presumption that the Levi Group is the "most adequate plaintiff" "may be rebutted only upon proof" that they are not adequate or typical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Because the competing movants can offer no such proof to rebut the *prima facie* finding of the Levi Group's adequacy and typicality, the Court should appoint them Lead Plaintiffs and approve their selection of co-lead counsel.

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

3

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

I.    **<u>ARGUMENT</u>**

A.    **<u>The Levi Group Has the "Largest Financial Interest"</u>**

Courts have considered four factors in the determination of the "largest financial interest" for purposes of selecting a Lead Plaintiff: "(i) the number of shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered during the class period." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (collectively, the "*Lax-Olsten*" factors).

Here, the Levi Group:  (i) purchased a total of 50,000 Atossa shares during the Class Period; (ii) expended $286,916 on their purchases of Atossa shares during the Class Period; (iii) suffered losses of approximately ***$179,724.00*** as a result of their investments during the Class Period; and (iv) retained 50,000 Atossa shares at the end of the Class Period.

Accordingly, the Levi Group suffered the largest losses during the Class Period, purchased the most shares during the Class Period, expended the most on its purchases of Atossa shares, and retained the most shares of any class member who filed a lead plaintiff motion.  *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296; *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  As demonstrated above, under the *Lax-Olsten* factors, the Levi Group has the largest financial interest in these actions. Thus, there is no question of the status of the Levi Group as presumptive Lead Plaintiff.

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

4

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Of the four *Lax-Olsten* factors outlined above, most courts agree that the financial loss suffered is the most important factor.  *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp.2d 348, 354 (S.D.N.Y. 2011) (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) ("Financial loss, the last factor, is the most important element of the test."); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 118-119 (S.D.N.Y 2010).  On this factor, the Levi Group's net losses are more than $70,000 greater than the losses of Hai Dam, the next largest movant.

Significantly, Dr. Harrison individually, and the Levi Group as a whole, retained more shares than Mr. Dam, an important secondary measure of financial interest in light of the Supreme Court's ruling in *Dura Pharma., Inc. v. Broudo,* 544 U.S. 336 (2005). The Court in *Dura* held that loss causation could only be alleged for shares held at the time of a corrective disclosure. Accordingly, courts have recognized the number of retained shares can be the determinative factor in evaluating competing movants' financial interest in the litigation.  *See Quan v. Advanced Battery Tech., Inc.*, No. 11 Civ. 2279 (CM), 2011 U.S. Dist. LEXIS 102723, at *6-7 (S.D.N.Y. Sept. 9, 2011); *Schueneman v. Arena Pharma., Inc.*, No. 10 cv 1959 BTM (BLM), 2011 U.S. Dist. LEXIS 87373, at *14 (C.D. Cal. Aug. 8, 2011) ("The Court adopts the retained share methodology, which looks to the number of retained shares at the end of the period."); *Applestein v. Medivation Inc.*, No. C 10-0098 MHP, 2010 U.S. Dist. LEXIS 98255, at *6 (N.D. Cal. Sept. 20, 2010) ("When calculating the greatest financial interest, the court utilizes the retained share methodology, which primarily looks to shares bought during the class period that are retained at the end of the class period."); *In re Comverse Tech. Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

5

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

14878, at *13 (E.D.N.Y. Mar. 2, 2007) (appointing a group lead plaintiff because it "had the greatest number of relevant net shares purchased, net funds expended, and suffered the greatest loss").  Here, the Levi Group retained 50,000 Atossa shares, ***exceeding the amount of retained shares of any other competing movants***.  Moreover, Dr. Harrison individually retained 30,000 shares – more than the 28,000 shares retained by Hai Dam.  Accordingly, the Levi Group has the largest financial interest in these actions and should be appointed Co-Lead Plaintiffs.

### B.     The Levi Group Is an Appropriate Lead Plaintiff Group

#### 1.     The Levi Group Is a Small Cohesive Group

The Levi Group constitutes a proper group under the PSLRA.  The PSLRA explicitly permits a "group of persons" to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ("…the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or *group of persons*…") (emphasis added).

In *Cell Therapeutics,* this Court appointed a small, cohesive lead plaintiff group consisting of three members.  In doing so, the Court observed:

> Each of the three members of the proposed Lead Plaintiff group (Dr. Satish Shah, David Gipson and Xavian L. Draper) have submitted sworn declarations detailing their investments in CTI's securities during the class period and demonstrating their willingness to represent the class. *See* Drachler Decl., Ex. C. The declarations detail their backgrounds, investment experience, their willingness and agreement to act as a cohesive group, their intention to regularly consult with each other regarding the conduct of this lawsuit, their process for sharing information and decision-making, how decisions will be made between them and how their counsel will be overseen. They have agreed upon a spokesperson (Dr. Shah) who will, should an unanticipated emergency

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

6

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

arise, be authorised to act for the group. *Id*. The Court is satisfied that these parties have shown that they have the intention and structure for prosecuting this action collectively and that they are willing to do what is necessary to remain current on the status of the litigation, to remain in contact with each other and to supervise their counsel. ***Their declarations address every concern raised by courts who have questioned the ability of previously-unrelated group members to cohesively, proactively represent their class***.

2010 WL 3064427, at *6 (emphasis added).

Under *Cell Therapeutics,* the three-member Levi Group constitutes an appropriate lead plaintiff group because the group is small, cohesive, and includes sophisticated individuals with diverse backgrounds that have agreed to work collectively to prosecute this litigation.[1] *See also Reinschmidt v. Zillow, Inc.*, No. 2:12-cv-02084-RSM, at *2-3 (W.D. Wash. Apr. 24, 2013) (Martinez, J.) (rejecting defendants' argument that appointing unrelated investors as lead plaintiffs "would be 'anathema to the PSLRA' and inconsistent with Ninth Circuit precedent" and holding that "co-appointment is employed by district courts" and that "[j]oint appointment serves to protect the class by providing suitable class representatives") (citations omitted), attached to the Leviton Decl., Ex. D.

As noted above, the Declarations executed by each member of the Levi Group are nearly identical in all material respects to the declarations signed and approved in *Cell Therapeutics* and evidence the Levi Group's desire and ability to work together to oversee the litigation on behalf of the putative class. Specifically, each member signed a Declaration attesting to, *inter alia*, the following:

---

[1] Indeed, courts have appointed lead plaintiff groups containing more members than the three in the Levi Group. *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. at 116 n.2, 120 (appointing a **seven**-member group plus an individual as co-lead plaintiff); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99, 103 (S.D.N.Y. 2005) (appointing five-member group); *Weltz v. Lee*, 199 F.R.D. 129, 130, 134 (S.D.N.Y. 2001) (appointing seven-member group); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 224-25 (D.D.C. 1999) (SEC advised courts that groups with up to five unrelated individuals are appropriate).

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND                    7
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

> As a member of the Levi Group, I intend to work closely and cooperatively with the other members of the group to oversee the litigation in a manner intended to best vindicate the interests of all shareholders. ***The members of the Levi Group have communicated about the litigation and our roles in the litigation with one another, as well as with Co-Lead Counsel, and have received each other's contact information, as well as the contact information of Co-Lead Counsel, so that we can speak throughout the pendency of the litigation***. I feel strongly that as a small, cohesive group, our members can effectively and efficiently prosecute this action together. ***I intend to do so, and the other members of our group have expressed an intention to do so by, among other means, communicating, individually or as a group, with each other and with counsel, to the extent we determine necessary to fairly and adequately represent the interests of the Class***.

Declaration at ¶ 6 (emphasis added).

Moreover, each member of the Levi Group has "expressed an intention to regularly communicate with counsel and each other ***as we have done thus far***, through the use of email, internet and/or telephone. We have agreed upon how we will make decisions and will endeavor to make all decisions unanimously. ***Based on communications to date***, [we] do not foresee a circumstance where the members of our group will not be able to reach a mutually agreeable solution to any issue that might arise." *Id*. ¶ 7.

As sanctioned and recommended by Chief Judge Pechman in *Cell Therapeutics*, the Levi Group has also appointed Dr. Harrison as the Group's "spokesperson and liaison with counsel and the Court. . . [and] to the extent such an emergency arises and all members of our group are unable to meet together in sufficient time to collectively make a decision, we have agreed that [Dr. Harrison] will be responsible for making such decisions." *Id*. ¶ 8.

Each member of the Levi Group further states that he has, "no interests antagonistic to those of the Class and do not believe [they are] subject to any unique defenses." *Id*. ¶ 3. And, they each understand, "that to fulfill [their] fiduciary duties and obligations as Lead Plaintiff,

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

8

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

[they] must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class." *Id*. ¶ 4.

Finally, each member has attested that their selection of Co-Lead Counsel and Liaison Counsel was knowingly and purposely made because of the firms' experience in securities class action litigation and previous experience working together.  More specifically, the Declaration states:

> ***I understand that I am seeking to have my choice of counsel appointed Co-Lead Counsel on behalf of the putative Class of investors***.  I also understand that Co-Lead Counsel have retained Liaison Counsel in Seattle, Washington, where this litigation was filed.  I am part of what I believe to be a small, cohesive, manageable group that, if appointed as Co-Lead Plaintiffs, will work together, and direct the activities of our proposed Co-Lead Counsel, Block & Leviton LLP … and Pomerantz Grossman Hufford Dahlstrom & Gross LLP … in the prosecution of the litigation.  I understand that to fulfill my fiduciary duties and obligations as Lead Plaintiff, I must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class.
>
> *     *     *
>
> ***I have selected my counsel Block & Leviton and Pomerantz to be Co-Lead Counsel for the Class based on their experience in securities litigation and other forms of complex litigation. It is also my understand that the lawyers at Block & Leviton and Pomerantz have worked together in the past and have litigated similar actions effectively and efficiently***.  Furthermore, I am satisfied that the attorneys working on this matter are highly experienced in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at the direction of the Levi Group.  Moreover, I am satisfied that these attorneys will keep me advised of the status of the action in order to assure that I may fulfill my duties as Lead Plaintiff.

*Id.* at ¶¶ 4, 10 (emphasis added).

Thus, the Levi Group is far from the sort of lawyer-driven group that courts have cautioned against.  *See, e.g., Beckman v. Ener1, Inc.*, No. 11-cv-05794 (PAC), 2012 U.S. Dist. LEXIS 19972, at *11 (S.D.N.Y. Feb. 15, 2012) (disaggregating losses of unrelated group where no evidence of cooperation was offered and multiple counsel were proposed).  Rather,

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

9

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

each member of the Levi Group has executed a Declaration and have already communicated with one another about the prosecution of the litigation. *Id*. at ¶ 10.

As clearly indicated in the Declarations, there is no question that the Levi Group will ensure the vigorous and efficient prosecution of this case. Thus, the Court can be assured that the Levi Group will effectively monitor and direct their counsel. [2]

## 2.    The Levi Group Otherwise Satisfies the Requirements of Rule 23

Under Rule 23(a)(3), typicality exists when the proposed lead plaintiff's claims and injuries arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (the test of typicality is, "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct"). The Levi Group's claims are not antagonistic [to] or in conflict with those of the class. *See id*. Indeed, the Group's interests are the same as those of other Class members because the Levi Group's claims are based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of other Class members, thus satisfying the typicality requirement of Rule 23(a)(3).

---

[2] The Court's decision in *Frias v. Dendreon Corp*., 835 F. Supp. 2d 1067 (W.D. Wash. 2011) (Robart, J.) does not warrant a contrary result. Critically, *Frias* involved a seven-member lead plaintiff group, as opposed to the three-member lead plaintiff group in this case. *Id*. at 1075. Additionally, the Court in *Frias* found "the group's decision-making process is flawed." *Id*. Specifically, the Court noted that "[a]lthough the group includes seven members, it nevertheless operates based on majority rule as a five-member group (with the two married couples agreeing to share a vote). A majority vote of three governs any decisions that the group cannot make by consensus. If one or both of the married couples cannot agree on how their single vote should be cast, and if the remaining three or four votes are split, there is no provision for breaking the potential ensuing deadlock." *Id*. In contrast, in this case, the members of the Levi Group have appointed Dr. Harrison to make a decision if the group cannot reach a consensus. Thus, there is no risk of deadlock in this case as there was in *Frias*.

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND        10
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

The Levi Group also satisfies the adequacy requirement of Rule 23(a)(4), as there are no conflicts between the Group's interests and those of the class. *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003). Here, the Levi Group's interests are squarely aligned with those of the Class and their proposed Co-Lead Counsel are qualified to litigate the Class' claims. Accordingly, the adequacy requirement of Rule 23(a)(4) is satisfied. As such, there should be little dispute regarding their motion for appointment as Lead Plaintiff in this action.

### C.        Lead Plaintiffs' Selection of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *see In re Cohen,* 586 F.3d 703, 712 (9th Cir. 2009) (""[I]f the lead plaintiff has made reasonable choice of counsel, the district court should generally defer to that choice."); *In re Cavanaugh*, 306 F.3d 726, 734-35 (9th Cir. 2002). *See also,* the April 24, 2013 *Reinschmidt* Order at *4 (approving three law firms as co-lead counsel). Here, the Levi Group selected Block & Leviton LLP and Pomerantz Grossman Hufford Dahlstrom & Gross LLP as Co-Lead Counsel, and Zwerling, Schachter & Zwerling, LLP as Liaison Counsel. As evidenced by the firms' résumés previously filed with the Court, Co-Lead Counsel have extensive expertise and experience in the field of securities litigation, have successfully prosecuted numerous securities fraud class actions, and have obtained excellent recoveries on behalf of defrauded investors.

Accordingly, the Levi Group's selection of Co-Lead Counsel should be approved.

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

11

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

II.     **<u>CONCLUSION</u>**

For the foregoing reasons, the Levi Group respectfully request the Court (1) appoint the Levi Group as Lead Plaintiffs; (2) approve Lead Plaintiffs' selection of  as Counsel for the Class; and, (3) grant such other relief as the Court may deem to be just and proper.

DATED: December 23, 2013
      New York, NY

 

**ZWERLING, SCHACHTER & ZWERLING, LLP**

<u>s/ Dan Drachler</u>
Dan Drachler (WSBA #27728)
1904 Third Avenue
Suite 1030
Seattle, WA 98101
(206) 223-2053 – telephone
(206) 343-9636 – facsimile
*Counsel for Movants and*
* Proposed  Liaison Counsel*


**BLOCK & LEVITON LLP**
Jason M. Leviton (WSBA #34106)
Jeffrey C. Block
Steven. P. Harte
155 Federal Street, Suite 1303
Boston, MA 02110
Telephone: 617.398.5600
Jeff@blockesq.com
Jason@blockesq.com
Steven@blockesq.com

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND                12
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Jeremy A. Lieberman
Lesley F. Portnoy
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
lfportnoy@pomlaw.com

Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Co-Counsel for Movants and Proposed Co-Lead Counsel for the Class*

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

13

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2013, the foregoing document was filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

By:   __s/ Dan Drachler_____
Dan Drachler (WSBA #27728)
ZWERLING, SCHACHTER & ZWERLING, LLP
1904 Third Avenue
Suite 1030
Seattle, WA 98101
(206) 223-2053 - telephone
(206) 343-9636 - facsimile

*Counsel for Movants and Proposed Liaison Counsel*

THE LEVI GROUP'S MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND                    14
APPROVAL OF THEIR SELECTION OF
CO-LEAD COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053