UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

*In re Atossa Genetics, Inc.*
*Securities Litigation*

Civil Action No. C13-1836 RSM

**Order Preliminarily Approving Settlement and**
**Authorizing Notice and Scheduling Settlement Hearing**

WHEREAS, the above-captioned consolidated proposed class action is pending before the Court (the "Action");

WHEREAS, the Court has received the Stipulation and Agreement of Settlement dated March 23, 2018 (the "Stipulation")[1], that has been entered into by Miko Levi, Bandar Almosa, and Gregory Harrison ("Lead Plaintiffs") and defendants Atossa Genetics, Inc. ("Atossa" or the "Company") and Dr. Steven C. Quay ("Quay," collectively, "Defendants," and with Lead Plaintiffs, each, a "Party" and collectively, the "Parties");

WHEREAS, the Parties to the Action, having applied for an order determining certain matters in connection with the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation entered into by the Parties, and for dismissal of the Action as against Defendants upon the terms and conditions set forth in the Stipulation; and

---

[1] Defined terms have the same meaning as the Stipulation and Agreement of Settlement.

ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND
SCHEDULING SETTLEMENT HEARING
2:13-cv-01836 RSM

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. This Preliminary Approval Order incorporates by reference the definitions in the Stipulation and unless defined herein, capitalized words and terms shall have the same meanings as they have in the Stipulation.

2. The Court preliminarily approves the Stipulation, including all provisions therein and exhibits attached thereto, as fair, reasonable and adequate to the Class (defined below), pending the Settlement Hearing.

3. For purposes of the proposed Settlement only, and preliminarily for purposes of this Preliminary Approval Order, the Action shall be maintained and proceed as an opt-out class action pursuant to Federal Rule of Civil Procedure 23(b)(3) by Lead Plaintiffs, as class representatives, on behalf of the following class (the "Class"): any and all persons or entities who purchased or otherwise acquired shares of Atossa common stock during the period from December 20, 2012 and October 4, 2013, both dates inclusive, including their respective successors, predecessors, trustees, executors, administrators, assigns, and transferees. Excluded from the Class are: Individuals named as defendants in the Action at the time of settlement, Atossa's current and former directors and officers and their immediate family members, including their legal representatives, heirs, successors, or assigns, and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion (defined below).

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing shall be held on **July 20, 2018, at 1:30 p.m.**, by the Court at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101 (the "Settlement Hearing") to, among other things:

    a. determine whether the Class as defined above should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3);

  b. determine whether the proposed Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class;
  c. determine whether the proposed Order and Final Judgment, substantially in the form attached to the Stipulation as Exhibit B, approving the Settlement should be entered dismissing and releasing Plaintiffs' Settled Claims and Defendants' Settled Claims with prejudice;
  d. determine whether, and in what amount, an award of attorneys' fees and expenses should be paid to Lead Plaintiffs' counsel, and a compensatory award to Lead Plaintiffs (the "Fee Application");
  e. consider any objections to the proposed Settlement or Fee Application; and
  f. rule on such other matters as the Court may deem necessary and appropriate.

  5. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee Application, without further notice of any kind to the Class.

  6. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

  7. Lead Counsel is hereby authorized to retain the firm of Rust Consulting, Inc. as claims administrator (the "Claims Administrator") to supervise and administer the notice and claims procedures.

  8. The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice"), substantially in the form attached to the Stipulation as Exhibit A(l), including the proposed plan of allocation of the Settlement Fund as set forth in the Notice; the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), substantially in the form attached to the Stipulation as Exhibit A(3); and the Proof of Claim and Release, substantially in the form attached to the Stipulation as Exhibit A(2). Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim form, substantially in the form of Exhibit A(1) and Exhibit A(2) attached to the Stipulation, to the Class Members, as can be reasonably determined from the stock records maintained by or on behalf of Atossa, by first-class mail postage prepaid no later than

ninety (90) calendar days prior to the Settlement Hearing, and such Notice also shall be provided via internet publication, which shall link to a dedicated website page created by Lead Counsel and maintained through the date of the Settlement Hearing, which contains the Notice and other relevant Settlement documents. Lead Counsel shall also cause the Summary Notice, substantially in the form of Exhibit A(3) attached to the Stipulation, to be published once in Investor's Business Daily within ten (10) calendar days of the date on the Notice.

9. Any Class Member who objects to the terms of the Stipulation, the proposed Settlement (including the plan of allocation of the Settlement Fund as set forth in the Notice), the class action determination, the adequacy of the representation of the Class by Lead Plaintiffs and Lead Counsel, the entry of the Order and Final Judgment approving the Settlement, and/or the Fee Application, or who otherwise wishes to be heard, may appear in person or by his, her or its attorneys at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no person or entity (other than the Parties) shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person or entity shall be received and considered by the Court (unless the Court, in its discretion, thereafter otherwise shall direct, upon application of such person or entity and for good cause shown), unless, no later than twenty-one (21) calendar days prior to the Settlement Hearing, such person or entity files with the Court and, simultaneously with or before such filing, serves by hand or overnight delivery upon Lead Counsel and Defendants' Counsel as identified in the Notice: (i) written notice of the intention to appear, identifying the name, address and telephone number of the objector and, if represented, the objector's counsel; (ii) proof of membership in the Class including a listing of all shares of Atossa common stock purchased, acquired or sold between and including December 20, 2012 and October 4, 2013, including the amount and date of each purchase or sale and the price paid and/or received; (iii) a signed detailed statement by the objector of his, her or its objections to any matters before the Court; (iv) a written statement of all of the grounds for the objections, accompanied by any legal support for such objections, and reasons that the objector desires to appear and be heard;

(v) copies of any papers, briefs or other documents upon which the objections are based; (vi) a list of all persons who will be called to testify in support of the objections; (vii) a statement of whether the objector intends to appear at the Settlement Hearing; (viii) a list of other cases in which the objector or the objector's counsel has appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (ix) all documents and writings which such objector desires the Court to consider. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Settlement Hearing. Any person or entity objecting to the Settlement shall submit to the Court's jurisdiction and agrees that the Parties may depose the person or entity about their objection. Unless the Court otherwise directs, no person or entity shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Lead Plaintiffs and Lead Counsel, any award of attorneys' fees and expenses, any compensatory award to Lead Plaintiffs, the allocation of the Settlement Fund, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above. Any person or entity who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in the Action or any other proceeding. The Parties shall file any papers, including memoranda or briefs, in response to any objections no later than five (5) business days prior to the Settlement Hearing.

10. Any Class Member may, upon request, be excluded from the Settlement provided that any such Class Member must submit a request for exclusion ("Request(s) for Exclusion") to the Claims Administrator no later than twenty-one (21) calendar days before the Settlement Hearing, providing: (i) the name, address and telephone number of the Class Member requesting exclusion; (ii) the Class Member's purchases, acquisitions and sales of Atossa common stock made during the Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase, acquisition or sale; and (iii) a statement that the Class

Member wishes to be excluded from the Class. Requests for Exclusion must also be signed by the Class Member requesting exclusion. Requests for Exclusion shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Requests for Exclusion shall be deemed to have been submitted on the date they are received by the Claims Administrator. All Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or Order and Final Judgment. Any Class Member who does not submit a valid and timely Request for Exclusion in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and Order and Final Judgment, including, but not limited to the release of Plaintiffs' Settled Claims provided for in the Settlement and the Order and Final Judgment, if the Court approves the Settlement.

11. Any Class Member who wishes to participate in the Settlement must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the date on the Notice. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted on the date they are received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the Claimant of all Defendant Released Persons as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the

Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

12. All proceedings in the Action (other than proceedings as may be necessary to carry out the terms and conditions of the Settlement) are stayed pending final determination of whether the Settlement provided for in the Stipulation should be approved.

13. Lead Counsel shall assume the administrative responsibility of providing, and preparing and disseminating, the Notice, Proof of Claim form and Summary Notice to the Class, as required by the Preliminary Approval Order. All expenses incurred to provide notice to the Class shall be fully borne by the Settlement Fund and if the Settlement is not approved, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to reimburse Defendants for these funds to the extent they were paid out of the Settlement Fund. At least five (5) business days before the Settlement Hearing, Lead Plaintiffs shall file with the Court appropriate proof that the notice required by the Preliminary Approval Order has been provided to the Class Members. At least five (5) business days before the Settlement Hearing, Lead Plaintiffs shall also file with the Court a list of any timely and valid Requests for Exclusion received by the Claims Administrator.

14. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

15. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws and rules.

16. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith

(including this Order and any judgment entered herein, except for paragraph 17), shall be terminated and shall become void and of no further force and effect, and the Parties shall return to their positions without prejudice in any way, as provided for in the Stipulation. Expenses incurred in connection with the administration of notice shall be paid in accordance with the terms of the Stipulation and this Preliminary Approval Order.

17. The fact and terms of the Stipulation, including exhibits, all negotiations, discussions, drafts, statements and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

    a. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

    b. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant Released Persons, or of any infirmity in the Lead Plaintiffs and other Class Members' claims;

    c. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to any liability, negligence, fault or wrongdoing of any nature by them, or any of them, and shall not be offered or received or in any way referred to for any other reason against the Defendant Released Persons or Plaintiff Released Persons in any

arbitration proceeding or other civil, criminal or administrative action or proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby); provided, however, that if this Settlement is approved by the Court, the Defendant Released Persons or Plaintiff Released Persons may refer to it to effectuate the liability protection granted them hereunder;

    d.    shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession by Defendant Released Persons, Plaintiff Released Persons, Defendants' Counsel or Plaintiffs' Counsel that the consideration paid hereunder represents the amount which could be or would have been recovered after trial; and

    e.    shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession that Lead Plaintiff, any Class Member, any present or former stockholder of Atossa, or any other person or entity, has or has not suffered any damage.

18. Plaintiffs' Counsel shall file and serve papers in support of approval of the proposed Settlement (including the plan of allocation of the Settlement Fund as set forth in the Notice) and their Fee Application no later than twenty-eight (28) calendar days before the date scheduled for the Settlement Hearing.

19. If the Court approves the proposed Settlement provided for in the Stipulation following the Settlement Hearing, the Order and Final Judgment shall be entered substantially in the form attached to the Stipulation as Exhibit B.

20. The Court authorizes payment out of the Settlement Fund of the expenses described in paragraph 4.4 of the Stipulation.

21. The passage of title and ownership of the Settlement Amount to an escrow agent in accordance with the terms of the Stipulation is approved. No person or entity that is not a Class Member or counsel for Lead Plaintiffs shall have any right to any portion of, or in the distribution

of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22. The Court may extend any of the deadlines set forth in this Order without further notice to Class Members.

23. The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and Treasury Regulations promulgated thereunder.

Dated this 13th day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

PRESENTED BY:

Dan Drachler (WSBA #27728)
ZWERLING, SCHACHTER & ZWERLING, LLP
1904 Third Avenue
Suite 1030
Seattle, Washington 98101
Telephone: (206) 223-2053
Facsimile: (206) 343-9636
ddrachler@zsz.com

*Liaison Counsel for Lead Plaintiffs and the Proposed Class*