# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| *In re Atossa Genetics, Inc. Securities Litigation* | Civil Action No. 13-cv-01836-RSM |

## Order and Final Judgment

The Stipulation and Agreement of Settlement dated March 23, 2018 (the "Stipulation"), of the above-captioned consolidated class action (the "Action") and the settlement contemplated therein (the "Settlement"), entered into by (i) lead plaintiffs Miko Levi, Bandar Almosa, and Gregory Harrison ("Lead Plaintiffs"), by and through their undersigned counsel, on their own behalf and on behalf of the Class (defined below), and (ii) defendants Atossa Genetics, Inc. ("Atossa" or the "Company") and Dr. Steven C. Quay ("Quay" and with Atossa, the "Defendants," and together with Lead Plaintiffs, each a "Party" and collectively the "Parties"), through their undersigned counsel, was presented for hearing on **July 20**, 2018, (the "Settlement Hearing") pursuant to the Order Preliminarily Approving Settlement and Authorizing Notice and Scheduling Settlement Hearing entered herein on **April 13**, 2018 **(ECF No. 91)** (the "Preliminary Approval Order").

ORDER AND FINAL JUDGMENT
13-cv-01836 (RSM)

1

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

The Court, having determined that notice of the Settlement Hearing was given to Class Members in accordance with the Preliminary Approval Order, and that such notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the Settlement; and an opportunity to be heard having been given to all other persons and entities desiring to be heard as provided in the Preliminary Approval Order; and the entire matter of the Settlement having been considered by the Court;

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

2

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Order and Final Judgment incorporates and makes part hereof: (i) the Stipulation filed with the Court on **March 23, 2018** 2018; (ii) proof of mailing of the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") filed with the Court on **June 22, 2018**; (iii) proof of publication of the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice") filed with the Court on **June 22, 2018**; (iv) proof of internet publication of the Notice and dedicated website page filed with the Court on **June 22, 2018**; and (v) list of any requests for exclusion ("Request(s) for Exclusion") from the Settlement filed with the Court on June 29, 2018.

2. This Order and Final Judgment incorporates by reference the definitions in the Stipulation and unless defined herein, capitalized words and terms shall have the same meaning as they have in the Stipulation.

3. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs and all other Class Members and Defendants.

4. Notice of the pendency of the Action as a class action and of the proposed Settlement has been given to all Class Members who could be identified with reasonable effort pursuant to and in the manner directed by the Preliminary Approval Order. Proof of notice was filed with the Court by Lead Plaintiffs' Counsel, and a full and fair opportunity to be heard with respect to the Settlement has been offered to all Parties, Class Members, and persons in interest. The form and method of the notice is: (i) hereby determined to have been the best notice practicable under the circumstances to apprise Class Members of the pendency of the Action, of the terms, conditions and effect of the proposed Settlement (including the nature and scope of releases contained therein) and of their rights to object to the proposed Settlement and appear at the Settlement Hearing or exclude themselves from the Settlement; (ii) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iii) was given in

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

3

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

full compliance with each of the requirements of due process, Federal Rule of Civil Procedure 23, and Section 21D of the Securities Exchange Act of 1934. Thus, it is determined that all Class Members, other than those persons and entities listed on Exhibit 1 hereto, are bound by this Order and Final Judgment herein.

5. The Court hereby finds and certifies for purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23, that:

   a. in accordance with Federal Rule of Civil Procedure 23(a): (a) the Class (defined below) is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class (defined below); (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and Lead Counsel (as identified below) have fairly and adequately protected the interests of the Class; and (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

   b. the requirements of Federal Rule of Civil Procedure 23 have been satisfied;

   c. the requirements of the Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the form and manner of notice given;

   d. the Action is a proper class action pursuant to Federal Rule of Civil Procedure 23(b)(3), and is hereby certified as a class consisting of all persons and entities who purchased or otherwise acquired shares of Atossa common stock during the period from December 20, 2012 through October 4, 2013, both dates inclusive, including their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees. Excluded from the Class are: Individuals named as defendants in the Action at the time of settlement; Atossa's current and

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

4

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

former directors and officers and their immediate family members, including their legal representatives, heirs, successors, or assigns; and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion; and

  e. Lead Plaintiffs are hereby certified as the Class representatives and Block & Leviton LLP and Pomerantz LLP are certified as Class Co-Lead Counsel.

  6. The Court finds that the Settlement, and all transactions preparatory or incident thereto, are fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties undertaken with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects pursuant to Federal Rule of Civil Procedure 23(e). The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

  7. The Court finds and concludes, pursuant to Section 21D(c)(l) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-l(c)(l), 78u-4(c)(l), that Lead Plaintiffs, Lead Counsel, Defendants, and Defendants' counsel have complied with each requirement of Federal Rule of Civil Procedure 11(b) as to any complaint, responsive pleading or dispositive motion.

  8. The Court finds and concludes that the Parties have complied with the notice provisions in 28 U.S.C. § 1715 pursuant to the Class Action Fairness Act, if applicable.

  9. The Action is hereby dismissed with prejudice on the merits. The Parties are to bear their own costs, except as provided herein.

  10. The terms of the Stipulation and this Order and Final Judgment shall forever be binding on Lead Plaintiffs and each Class Member and their counsel.

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

5

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

11. The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated by reference in this Order and Final Judgment.

12. The Court hereby orders the settlement and release of any and all actions, causes of action, claims (including Unknown Claims), demands, rights, disputes, suits, matters, damages, losses, costs, expenses, obligations, proceedings, issues, judgments, and liabilities of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, concealed or hidden, at law or in equity, whether class, individual, direct, derivative, representative, legal, or equitable, against Defendant Released Persons, arising under federal, state, common or foreign law, including the federal securities laws and any state disclosure law, or at equity, that: (a) Lead Plaintiffs or any Class Member have asserted in this Action, or could have asserted in the Action or in any other proceeding or forum that concern, arise out of, refer to, are based upon, or are related in any way to the allegations, events, acts, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth or referred to in the Complaint, first Amended Complaint, or Second Amended Complaint, including, without limitation, all of Defendants' public filings and statements cited therein; (b) would have been barred by res judicata or collateral estoppel had this Action been fully litigated to a final judgment; or (c) could have been, or in the future could be, asserted in any forum or proceeding or otherwise by Lead Plaintiffs or any Class Member that relate to purchase, sale, acquisition or holding of Atossa common stock during the Class Period; provided, however, that the Plaintiffs' Settled Claims shall not release any claims to enforce the Settlement.

13. The Court also orders the settlement and release of any and all claims (including Unknown Claims), for damages, injunctive relief, or any other remedies against Plaintiff Released Persons based upon, arising from, or related to the prosecution and/or settlement of the

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

6

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Action, including any claim or assertion that Federal Rule of Civil Procedure 11 was violated in any manner; provided, however, that the Defendants' Settled Claims shall not release any claims to enforce the Settlement.

14. The releases described in paragraphs 11-13 shall extend to all claims that Lead Plaintiffs and the Class Members and Defendants do not know or suspect to exist at the time of the releases, including without limitation those which, if known, might have affected the decision to enter into the releases and participate in the Settlement. Additionally, Defendants and Lead Plaintiffs acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that any or all of them may discover facts in addition to or different from those now known or believed to be true by them with respect to the subject matter of Plaintiffs' Settled Claims and Defendants' Settled Claims, but that it is the intention of Defendants, Lead Plaintiffs, and by operation of law the intention of each of the Class Members, to completely, fully, finally, and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Plaintiffs' Settled Claims and Defendants' Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore have existed, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or any breach of any duty, law or rule, without regard to the subsequent discovery of additional or different facts. Defendants and Lead Plaintiffs acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Plaintiffs' Settled Claims" and "Defendants' Settled Claims," and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by Lead Plaintiffs and Defendants in entering into the Settlement.

15. The Settlement extinguishes all of the Plaintiffs' Settled Claims and the Defendants' Settled Claims and, consistent with such intention, upon the Effective Date,

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

7

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Defendants and Lead Plaintiffs expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of this Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Lead Plaintiffs and each of the Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HA VE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

16. Upon the Effective Date, Lead Plaintiffs and each of the Class Members (on behalf of themselves and their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees) shall be deemed to have and by operation of this Order and Final Judgment shall have fully, finally, and forever released, relinquished, discharged, waived and dismissed Plaintiffs' Settled Claims against any and all Defendant Released Persons (whether or not Lead Plaintiffs or such Class Member submits a Proof of Claim Form).

17. Upon the Effective Date, Defendants (on behalf of themselves and their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees) shall be deemed to have and by operation of this Order and Final Judgment shall have fully, finally, and forever released, relinquished, discharged, waived and dismissed Defendants' Settled Claims against any and all Plaintiff Released Persons.

18. Upon the Effective Date, Lead Plaintiffs and each of the Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined to the

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

8

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

fullest extent permitted by law from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Plaintiffs' Settled Claims against any of Defendant Released Persons.

19. Upon the Effective Date, Defendants, and anyone claiming through or on behalf of any of them, are forever barred and enjoined to the fullest extent permitted by law from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Defendants' Settled Claims.

20. This Order and Final Judgment, the facts and terms of the Stipulation, including exhibits, and all negotiations, statements, and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

   a. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

   b. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant Released Persons, or of any infirmity in the Lead Plaintiffs and other Class Members' claims;

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

9

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

c. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to any liability, negligence, fault or wrongdoing of any nature by them, or any of them, and shall not be offered or received or in any way referred to for any other reason against the Defendant Released Persons or Plaintiff Released Persons in any arbitration proceeding or other civil, criminal or administrative action or proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby); provided, however, that Defendant Released Persons or Plaintiff Released Persons may refer to it to effectuate the liability protection granted them hereunder;

d. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession by Defendant Released Persons, Plaintiff Released Persons, Defendants' Counsel or Plaintiffs' Counsel that the consideration paid hereunder represents the amount which could be or would have been recovered after trial; and

e. shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession that Lead Plaintiffs, any Class Member, any present or former stockholder of Atossa, or any other person or entity, has or has not suffered any damage.

21. The plan of allocation for the Settlement Fund as set forth in the Notice is approved as fair, adequate and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

22. The Court finds that all persons and entities within the definition of the Class have been adequately provided with an opportunity to exclude themselves from the Settlement by

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

10

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

submitting a Request for Exclusion from the Settlement in conformity with the terms of the Notice. All persons and entities who have requested exclusion from the Settlement in the manner described in the Notice are not bound by this Order and Final Judgment. All persons and entities who have opted out of the Settlement are identified on Exhibit 1 hereto.

23. In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any Party elects to terminate the Settlement), this Order and Final Judgment (except this paragraph and paragraph 20) shall be null and void, the Settlement shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Stipulation.

24. Any application by Lead Counsel or order entered regarding attorneys' fees and expenses to Plaintiffs' Counsel, compensatory award to Lead Plaintiffs, shall in no way disturb or affect this Order and Final Judgment. Any plan of allocation submitted by Lead Counsel or any order entered regarding a plan of allocation shall in no way disturb or affect this Order and Final Judgment.

25. Only those Class Members filing valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Plaintiffs' Settled Claims against the Defendant Released Persons. All Class Members shall be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

26. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, Lead Plaintiffs, and the Class for the purposes of: (i) supervising the implementation, enforcement, construction and interpretation of the Stipulation and this Order and Final Judgment; (ii) supervising the

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

11

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

distribution of the Settlement Fund, including the plan of allocation as set forth in the Notice, and entering the Class Distribution Order; and (iii) other matters related or ancillary to the foregoing.

27. Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

28. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry and docketing by the Clerk of the Court is directed.

SIGNED this 20 day of July 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER AND
FINAL JUDGMENT
13-cv-01836 (RSM)

12

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053