THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

*In re Atossa Genetics, Inc. Securities Litigation*

Civil Action No. 13-cv-01836-RSM

**CLASS ACTION**

**ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND**

ORDER APPROVING DISTRIBUTION OF CLASS
SETTLEMENT FUND
Case No. 13-cv-01836-RSM

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

IT IS HEREBY ORDERED THAT:

1. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits G and H to the Declaration of Jason Rabe Regarding (A) Processing of Claim Forms, (B) Calculation of Recognized Losses Pursuant to the Plan of Allocation, and (C) Proposed Plan For Distribution of Settlement Fund ("Rabe Declaration"), at the direction of Pomerantz LLP and Block & Leviton LLP ("Lead Counsel"), pursuant to the Stipulation and Agreement of Settlement dated March 23, 2018 (the "Stipulation") and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Settlement of Class Action that was distributed pursuant to this Court's prior Order.

2. Any Claim received after May 19, 2019 shall be rejected as untimely and (b) any responses to Deficiency Letters, Rejection Letters, and Transaction Reports received after May 19, 2019 shall be rejected as untimely.

3. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to Lead Counsel and Rust Consulting, Inc. ("Rust")) are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

4. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY DATE 90

ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND
Case No. 13-cv-01836-RSM
-1-
Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

DAYS AFTER ISSUE DATE." Lead Counsel and The court-appointed Claims Administrator, Rust are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

5. To the extent that any amount of the Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid Taxes and Tax Expenses or any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective. Further re-distributions to Authorized Claimants who have cashed their prior distribution checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that further re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost effective. At such time as it is determined that the re-distribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance in the Settlement Fund shall be contributed to the Institute of Law and Economic Policy.

6. Following distribution of the Net Settlement Fund, Rust is hereby ordered to maintain the completed Proofs of Claims on file for three years after the Effective Date as defined in the Stipulation.

7. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND
Case No. 13-cv-01836-RSM

-2-

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Presented By:

/s/ Dan Drachler
Dan Drachler (WSBA #27728)

IT IS SO ORDERED

Dated this 19 Day of August 2019

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND
Case No. 13-cv-01836-RSM

-3-

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053